UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE ESTATE OF SCOTT SCHULTZ,
WILLIAM SCHULTZ and LYNNE
SCHULTZ,

     Plaintiffs,

v.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA
By and on behalf of GEORGIA
INSTITUTE OF TECHNOLOGY,
and TYLER AUSTIN BECK,

     Defendants.

Civil Action File No.
1:19-cv-04083-JPB

Jury Trial Demanded

**PLAINTIFF'S BRIEF IN REPLY TO
DEFENDANTS' OPPOSITION TO
<u>MOTION TO DISREGARD</u>**

Plaintiffs reply to Defendants' opposition to Plaintiffs' Motion to Disregard

as follows:

1. **Defendants Fail To Demonstrate That Their Extrinsic Evidence Can Be
Incorporated Into The Complaint**

Defendants concede, as they must, that there is absolutely no reference to

any video recordings in the body of the Complaint.  For that reason alone, their

demand that this Court treat the video recordings and other attachments to their

Motion to Dismiss as if incorporated into the Complaint must be rejected.  *Hi-Tech Pharm., v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)(citing three pre-requisites for considering documents attached to a defendant's motion to dismiss: "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.").

Claiming that the first factor required by the Court in *Hi-Tech Pharm*, supra., can be entirely disregarded, Defendants then proceed to insist that evidence entirely extrinsic to the Complaint may nonetheless be considered on a 12b6 Motion [without converting it into a Motion for Summary Judgment] so long as the contents of the evidence is 'central' to the claims and when it is shown to be authentic.  D.E. 28, p. 7.  In support of their claim that this "principle applies to video evidence just as it applies to documents," id., p. 6, Defendants cite to three cases where trial courts relied upon video recordings when adjudicating motions to dismiss.  However, neither of those cases support Defendants' position, as is explained below.

In *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371 (11th Cir. 2010) the Eleventh Circuit did not have occasion to adjudicate the appropriateness of the District Court's reliance upon exhibits which were relied upon by the Defendants in their motion to dismiss.  Unlike the issue faced by this

Court, the District Court's reliance upon the materials was not disputed by the parties.  The Court's discussion of those extraneous materials was dicta.

The issue presented to the Court in *Bailey v. City of Ann Arbor*, 860 F.3d 382 (6th Cir. 2017)  was entirely unlike the issue before this Court.  In Bailey, the Court considered an arrest video that was available to the plaintiff at the time they filed their Complaint and which the plaintiff mentioned "throughout his complaint."  Id., at p. 386.  The Plaintiff made claims in their Complaint about what was depicted in the video and incorporated the video into their Complaint. However, as the Sixth Circuit pointed out, the contents of the video which was relied upon by Plaintiff directly contradicted the Plaintiff's allegations.    Unlike Bailey, the Schultz's 1) did not have the Defendants' videos, 2) did not refer to any video in their Complaint, and 3) did not describe what any such videos depicted.

The issue presented to the Court in *Bogie v. Rosenberg*, 705 F.3d 603 (7th Cir. 2013) was also entirely unlike that presented to this Court.  The plaintiff in *Bogie* sued comedian Joan Rivers and others for their inclusion in a documentary video about Joan Rivers.  Unlike the circumstances of this lawsuit, "the video recording of the documentary was incorporated in Bogie's Compliant."  *Id*., at 608. The Plaintiff in Bogie physically attached the video to her amended complaint.  *Id*.,

at 608.  Unlike the Complaint in Bogie, the Schultz's did not have Georgia tech's videos and certainly did not attach them to their Complaint.

### 2. Defendants Fail To Rebut Or Distinguish Cases Cited By Plaintiffs Most Closely On Point

Citing *Brown v. Newton County Sheriff's Office*, 273 F. Supp. 3d 1142 (N.D.Ga.2017), the court in *Howe v. City of Enter.*, 2018 U.S.Dist. LEXIS, 158716 (M.D. Ala, 2018) denied the defendant police officers' motion to dismiss and, in doing so, declined to consider the video submitted by the officers where the Plaintiff did not refer to the parts of the video relied upon by the defendants in his complaint.   Despite the similarity of the issue presented in Howe, the Defendnats here failed to distinguish it.

Nor have the Defendants distinguished the reasoning of the District Court in *Slippi-Mensha v. Mills*, 2016 WL 4820617 (U.S.D.C. N.J., 2016) where the Court rejected the defendant officers' use of a dashboard video of a traffic stop in their motion to dismiss.  Noting that the Plaintiff's complaint did not cite to, refer to, or attach the video footage of the traffic stop, the court reasoned that "[s]imply because a video that captured the events complaint of in the complaint exists does not transform that video into a "document" upon which the complaint is based." Id., *3.

### 3.  Defendants' Mischaracterize the Supreme Court's Holding in Scott v. Harris

The Defendants' mischaracterize the Supreme Court's holding in *Scott v. Harris,* 550 U.S. 372 (2007).  The Scott decision involved the adjudication of a Motion for Summary Judgment where, pursuant to Fed. R. Civ. P. 56, the parties introduce and rely upon evidence entirely independent of the bare allegations of a Complaint.  The Scott decision did not adjudicate whether a defendant police officer may insist that a video of an event which is described in a complaint must be accepted as being 'incorporated' into a complaint for purposes of adjudicating a motion to dismiss.

### 4.  Defendants Concede That Their "Chronological Summary" Is Not Incorporated Into The Complaint

Defendants concede that their multi-paged "chronological summary" cannot be treated "as a part of the pleadings."  D.E. 28, p. 9.  This concession is a considerably different position than that which was originally taken by Defendants when filing their Motion to Dismiss.  In their brief in support of their Motion, referring broadly to their exhibits, the Defendants claimed that "[t]he Court may consider this material as part of the pleadings when deciding the motion because it is central to the asserted claims and its authenticity cannot be disputed.  D.E. 11-1, p. 7."

Now, for the first time, Defendants concede that "the summary is a document created by counsel as a part of the motion to dismiss…"  In other words, the summary is, in effect, unsworn testimony of defense counsel seeking to supply a host of facts to the court which are not otherwise apparent in any of the video recordings or in the audio recording.  The defendants may, in their own words, "stand by the description given" by their counsel of the contents of the extraneous materials which they presented with their motion to dismiss, but that fact does not, of its own force, mean that this Court can rely in any manner whatsoever on the contents of defense counsel's "chronological summary" to adjudicate this motion to dismiss.

**Conclusion**

The narrow issue presented by Plaintiffs' Motion to Disregard is whether – in construing the allegations of the Complaint – the District Court may treat the materials submitted by the Defendants with their Motion to Dismiss as being incorporated into the Complaint for purposes of adjudicating the motion.  The materials supplied by Defendants fail to meet the criteria established by the Eleventh Circuit, *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, supra., and Plaintiffs pray that this court disregard them in considering the motion to dismiss.

The undersigned, in accord with L.R. 7.1 and 5.1 hereby certifies that the type font used herein is 14-Point Times New Roman.

Respectfully submitted,

Attorneys for Plaintiffs:

**G. Brian Spears**
Georgia Bar No. 670112
G. BRIAN SPEARS, P.C.
1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Phone: (404) 872-7086
Email: Bspears@mindspring.com

**Jeffrey R. Filipovits**
Georgia Bar No. 825553
FILIPOVITS LAW, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Tele: (770) 455-1350
jeff@law.filipovits.com

**Chris Stewart**
Georgia Bar No. 142289
Attorney for Plaintiffs
Stewart Trial Attorneys
55 Ivan Allen Blvd., NW, Suite 700
Atlanta, GA 30308
(844) 874-2500 main
(470) 344-6719 fax

**<u>Dianna J. Lee</u>**
Georgia Bar No. 163391
STEWART TRIAL ATTORNEYS
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308
1-844-874-2500
dlee@stewarttrial.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2020, I electronically filed the attached

with the Clerk of Court using the CM/ECF system which will automatically send

email notification of such filing to the following attorneys of record:

Roger A. Chalmers
Laura L. Jones
Senior Assistant Attorney General
State Law Department
40 Capitol Square SW
Atlanta, GA 30334


**G. Brian Spears**
Georgia Bar No. 670112
Attorney for Plaintiffs
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: Bspears@mindspring.com