UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE ESTATE OF SCOTT SCHULTZ, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action File No. |
| | ) | 1:19-cv-4083-JPB |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, et al. | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

Classification of the Cause of Action:

Plaintiff's causes of action are presented pursuant to the provisions of 42 U.S.C. 1983 wherein they allege that Defendant Beck engaged in conduct which constituted a violation of the protections afforded their son, Scott Schultz, by the Fourth Amendment to the United States Constitution.

1

Factual Outline:

On September 17, 2017, Scout Schultz was a student enrolled with the Georgia Institute of Technology (Ga Tech). Scout Schultz placed a call to the Ga. Tech 911 which resulted in police officers employed by Ga Tech to drive to Schultz' location on the campus of Ga Tech. Schultz was alone and did not objectively threaten anyone either verbally or with physical actions. Multiple officers confronted Schultz; one or more of them demanded, among other things, that he identify himself. As Schultz walked – not speaking and with his arms extended straight alongside of his body - in the general direction of Defendant Beck, Beck shot and killed Schultz.

Statement of Legal Issues:

a. Whether the actions of Defendant Beck constituted excessive force in violation of the Fourth Amendment of the United States Constitution;

b. Whether the actions of Defendant Beck authorize the award of each of the following categories of damages: general, special, nominal and punitive.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

2

RESPONSE:

a) 42 U.S.C. §1983 (federal civil rights act);

b) 28 U.S.C. §1331 (federal question jurisdiction);

c) 28 U.S.C. §1343 (jurisdiction for enforcement of civil rights);

d) 28 U.S.C. §1367 (pendant or supplemental jurisdiction of this Court to hear state law claims);

e) 42 U.S.C. §1988 (attorney's fees and expenses of litigation);

f) Fourth Amendment to U.S. Constitution (prohibiting unreasonable seizures);

g) Teel v. Lozada, No. 19-14530, 2020 WL 5652354 (11th Cir. Sept. 23, 2020)

h) Graham v. Connor, 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

i) Mercado v. City of Orlando, 407 F.3d 1152, 1157 (11th Cir. 2005)

j) Tennessee v. Garner, 471 U.S. 1, 9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

3

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.   (Attach expert witness list and written reports to Responses to Initial Disclosures as attachment B.)

Plaintiff has not made a determination as to expert witnesses and will supplement this disclosure in accordance with the Federal Rules of Civil Procedure and the Local Rules.

(5)     Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

(6)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

The categories of damages included within the Plaintiff's complaint are the following:

With respect to the Estate of Scout Schultz: Plaintiff seeks all damages available to the Estate of Scott Schultz which are permitted by the laws of the State of Georgia and the laws of the United States; these damages include nominal, special, compensatory, and punitive damages.

With respect to the wrongful death damages sought by Plaintiffs William Schultz and Lynne Schultz: Plaintiffs seek all damages which are available as a result of Scott Schultz's wrongful death, which include nominal, special, compensatory, and punitive damages.

Plaintiffs seek an award of attorney's fees pursuant to 42 U.S.C. 1988.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which *may* be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment F.)

Plaintiff is not in possession of any such documentation.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

5

There is no known person or legal entity having a subrogation interest in the claims presented by Plaintiffs' Amended Complaint.

Submitted this 20th day of September, 2021.

G. Brian Spears
Georgia Bar No. 670112
Attorney for Plaintiffs
G. BRIAN SPEARS, P.C.
1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Phone: (404) 872-7086
Email: Bspears@civil-rights.law

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Roger A. Chalmers
Laura L. Lones
State Law Department
40 Capitol Square SW
Atlanta, GA 30334

                                                S/BRIAN SPEARS
Georgia Bar No. 670112
Attorney for Plaintiff
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: Bspears@civil-rights.law